IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:09-CT-3036-BO

| | | |
|---|---|---|
| CARL LORINZO CAPERS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DR. ARTHUR B. DAVIS, et al., | ) | |
| Defendants. | ) | |

Plaintiff, a North Carolina state inmate, brought this action pursuant to 42 U.S.C. § 1983. Defendant Davis has moved to dismiss the action for failure to state a claim on which relief can be granted. Defendant Reed has filed an answer, but no additional motions. Plaintiff has made several filings, including a response to Defendant Davis' motion to dismiss and a motion for appointment of counsel. The matters are ripe for determination.

Allegations

Plaintiff's allegations are difficult to understand. In fact, the court sought clarification of the original complaint prior to allowing the matter to proceed under 28 U.S.C. § 1915. (D.E. # 9, Order) ("Plaintiff appears to make a claim of deliberate indifference to a serious medical condition against Arthur B. Davis in this complaint. However, he has attached to the complaint allegations of other deprivations. The court is not currently in a position to make a decision regarding frivolity.") While the court found that the response did "little to clarify the original complaint," in an abundance of caution, the complaint and amendment thereto were allowed to proceed. (Id.)

Dr. Davis appears to be the staff doctor at Warren Correctional. (D.E. # 15, letter "The person I am suing at Warren is Dr. Arthur B. Davis . . .") The allegations against him reference a stomach problem. Plaintiff also makes allegations about tampering with his food tray by others with feces and other substances. It appears he alleges the food tampering began at Warren Correctional.[1] Plaintiff states that he lost weight because he is afraid to eat the food after being informed about the alleged tampering. (D.E. # 11, 15 and 30) He also suggests that because of the food tampering he has stomach problems. (D.E. # 10, 15, 32, 31) He appears to have been transferred from Warren Correctional to Lanesboro Correctional on August 31, 2008. (compl.) Further, plaintiff appears to have a rash on his chest and itching for which he has submitted sick call requests to Dr. Hassan Sami. (D.E. # 10, 31, and 32) Dr. Hassen Sami appears to have resolved the stomach issue, but in plaintiff's most recent filings he takes issue with Dr. Sami's care. While much of plaintiff's correspondence asks for separate things, as a whole he appears to agree to settlement of the matter for $60,000, three snack bags a day for the weight loss, medication for the rash on his chest, release from "lock up," and transfer to Central Prison Mental Health to have the itching diagnosed. (see D.E. # 10, 31, and 32)

Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) determines whether a claim is stated, not the resolution of factual contests, the merits of a claim, or the applicability of defenses. Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains

---

[1](D.E. # 30) "[Defendant Davis] deliberately was treating me worst [sic] than the other inmates I suffered for a long time I lost wieght [sic] and all that because I was scared to eat all my meals a inmate named Bobby Cole at Warren Correctional around June 2008 that was helping staff with food trays said that staff is putting feces in my meals."

2

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The "court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, the standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

Under Iqbal, plaintiff's claim against Dr. Davis is dismissed under the Rule 12(b) motion. Plaintiff has failed to allege that Dr. Davis provided or failed to provide any medical care which was necessary regarding plaintiff's conditions for the rash or itching. Furthermore, it does not even appear Dr. Davis was at the correctional facility when plaintiff complained about the rash or itching. Specifically, Dr. Davis was at Warren Correctional while the rash and itching appeared after his transfer to Lanesboro Correctional. As for the stomach problems, plaintiff appears to allege both that he was sick as a result of the food tampering and that he lost weight because he was afraid to eat the food. Neither of these factual allegations are a result of something Dr. Davis did or did not do, nor is any knowledge of the behavior imputed to Dr. Davis.

Deliberate indifference to the serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 105-106 (1976) In order to be liable, the official must have actual knowledge or awareness of

the need. See Farmer v. Brennan, 511 U.S. 825, 837 (1994). The indifference must be objectively harmful enough to establish a constitutional violation. See id. at 837–40. No knowledge or involvement on the part of Dr. Davis has been alleged and the claim fails.

Motion for Appointment of Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to request counsel for pro se civil litigants "only in exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). At this point in the litigation, the case does not appear to be complex and does not present exceptional circumstances.

Conclusion

For the above stated reasons, defendant Davis' motion to dismiss (D.E. # 27) is ALLOWED and he is DISMISSED from the case. The Clerk is DIRECTED to set a scheduling order as the one defendant who remains in this action. Lastly, the motion to strike is DENIED (D.E. # 25), as well as, the motion for appointment of counsel (D.E. # 32).

SO ORDERED, this the ___ day of January 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4

Case 5:09-ct-03036-BO   Document 33   Filed 01/25/11   Page 4 of 4